IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CASEY LEE JOHNSON,                                          CV. 07-1659-KI

        Plaintiff,                                          ORDER

  v.

MAX WILLIAMS, et al.,

        Defendants.

KING, Judge

    Plaintiff, an inmate at the Oregon State Penitentiary, brings this civil rights action *pro se.* On January 9, 2008, I dismissed plaintiff's original complaint as violative of Federal Rule of Civil Procedure 8. Currently before the court is plaintiff's amended complaint (#13).

## DISCUSSION

    Plaintiff's amended complaint suffers from several deficiencies warranting its dismissal. First, plaintiff fails to name all defendants in the caption of the amended complaint. Fed. R. Civ. P. 10(a). Second, in his first claim for relief, plaintiff purports to "re-allege[] all the paragraphs in [his] *original*

1 -- ORDER

*complaint*." (Amended Complaint at 24 (emphasis added).) Because plaintiff's original complaint violated Rule 8, due to its failure to set forth a short and plain statement of his claims, plaintiff cannot remedy this defect by incorporating all of the paragraphs of his original complaint into his amended pleading.

Moreover, despite plaintiff's lengthy recitation of the facts, plaintiff again has failed to allege how each defendant was personally involved in the alleged constitutional and statutory violations. For instance, the only allegation against Max Williams, the Director of the Oregon Department of Corrections, is that (1) plaintiff requested Williams to release him from the Intensive Management Unit (IMU); and (2) Director Williams denied a grievance, the subject of which is not disclosed. (Amended Complaint at 3 & 8.) Nevertheless, plaintiff purports to bring all of his claims for relief against defendant Williams.

Similarly, the only allegations against defendant Michelle Whitney-Dodson are contained in the section of the amended complaint labeled "Exhaustion of Remedies" wherein plaintiff alleges that Whitney-Dodson denied several of plaintiff's grievances, the subject of which are not disclosed. (<u>Id.</u> at 5.) Yet each of plaintiff's claims for relief, some dealing with the denial of medical treatment and others dealing with the conditions of his confinement in IMU, purport to be against all "defendants".

2 -- ORDER

Further, in plaintiff's second and third claims for relief, plaintiff sets forth multiple causes of action. Specifically, plaintiff's second claim for relief alleges violations of the First, Fifth, Eighth and Fourteenth Amendments. Plaintiff's third claim for relief includes seven statutory claims. As previously noted, plaintiff makes no attempt to delineate which defendants violated which constitutional and statutory provisions and what conduct gives rise to the various claims.

In sum, plaintiff's amended complaint suffers from the same deficiencies as his original complaint, it is prolix in evidentiary detail, yet without clarity as to who is being sued for what legal wrongs. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Consequently, it does not give the named defendants a fair opportunity to frame a responsive pleading, and dismissal pursuant to Rule 8 is appropriate. Id. at 1178-80.

## CONCLUSION

Based on the foregoing, plaintiff's amended complaint (#13) is DISMISSED, without prejudice, as violative of Rule 8. Plaintiff may file a second amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. **Plaintiff is advised that failure to file a second amended complaint which complies with the directives of this order shall result in the dismissal of this proceeding, with prejudice.**

3 -- ORDER

IT IS FURTHER ORDERED that plaintiff's motions to certify the class (#9), to join civil actions (#11), for a temporary restraining order (#14), and for an *in camera* inspection (#17) are DENIED, with leave to renew upon satisfactory compliance with this order.  Plaintiff's motions for appointment of counsel (#3 & #7) are DENIED on the basis that plaintiff has not demonstrated that there are exceptional circumstances warranting the appointment of volunteer counsel.[1]

IT IS SO ORDERED.

DATED this ___21st___ day of March, 2008.

                                         /s/ Garr M. King
                                         Garr M. King
                                         United States District Judge

---

[1] In this regard, the court notes that plaintiff has unsuccessfully challenged the conditions in IMU on two previous occasions.  See Johnson v. Kulongoski, 03-377-CO, and Johnson v. Czerniak, 02-292-ST. Additionally, plaintiff has filed a state habeas action challenging conditions in IMU wherein he is represented by counsel.  See Attachments to Memorandum in Support of Motion to Relate (#12).

4 -- ORDER