IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CASEY LEE JOHNSON,                                      CV. 07-1659-KI

        Plaintiff,                                      ORDER

  v.

MAX WILLIAMS, et al.,

        Defendants.

KING, Judge

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are defendants' motion to stay, and plaintiff's motion to compel. For the reasons set forth below, both motions are denied.

## DISCUSSION

**I.   Defendants' Motion to Stay.**

    **A.   Background.**

On or about March 6, 2007, plaintiff filed a habeas corpus petition in Marion County Circuit Court challenging the conditions of his confinement in the Intensive Management Unit (IMU) of the Oregon State Penitentiary (OSP). OSP Superintendent Brian Belleque

1 -- ORDER

was named as respondent. Plaintiff alleged that Superintendent Belleque violated plaintiff's right to due process, equal protection, and to be free from cruel and unusual punishment by failing to provide reasonable and necessary mental health and educational services in IMU; failing to provide notice and a hearing prior to his placement in IMU; and subjecting him to confinement without adequate heat and ventilation. On January 8, 2008, the Honorable Joseph V. Ochoa denied the petition. An appeal in that proceeding is currently pending before the Oregon Court of Appeals.

On November 5, 2007, plaintiff filed the instant civil rights proceeding. In his fourth amended complaint, plaintiff seeks declaratory, injunctive and compensatory relief. Plaintiff, now confined at the Snake River Correctional Institution (SRCI), alleges that his confinement in IMU at both OSP and SRCI violates his constitutional rights. Plaintiff sets forth two claims for relief captioned "Long Term Isolation" and "Housing Disabled Inmates in Supermax".

In claim one, plaintiff complains that long term, indefinite, confinement in IMU with little external stimuli, little outdoor exercise, no natural lighting, excessive noise, 24-hour illumination, and inadequate ventilation violates his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution. In his second claim, plaintiff alleges that he is disabled and that

2 -- ORDER

defendants have failed to provide adequate mental health treatment, special education programs, and psychotropic medication in IMU. Additionally, plaintiff complains that defendants have censored his incoming and outgoing mail; banned access to hardback books, used excessive force, and denied him adequate medical care for his various medical conditions, including hypertension, chronic bowel problems, migraines, and foot/ankle pain.

**B.    Analysis.**

Defendants move to stay this proceeding under <u>Younger v. Harris</u>, 401 U.S. 37 (1971). In support of their motion, defendants argue that the *three* elements necessary for <u>Younger</u> abstention are satisfied. Defendants fail to take into account recent Ninth Circuit case law clarifying that there are *four* necessary elements for abstention:

> (1) ongoing state judicial proceedings;
>
> (2) the proceedings implicate important state interests;
>
> (3) the state proceedings provide the plaintiff with an adequate opportunity to raise federal claims; and
>
> *(4) the federal action would enjoin, or have the practical effect of enjoining, the ongoing state court proceedings.*

<u>AmerisourceBergen Corp. v. Roden</u>, 495 F.3d 1143, 1149 (9th Cir. 2007); <u>San Jose Silicon Valley Chamber of Commerce Political Action Comm. V. City of San Jose</u>, 546 F.3d 1087, 1092 (9th Cir. 2008). Defendants fail to address the fourth element in their motion and

3 -- ORDER

supporting memorandum. Because I conclude that this element is lacking, I deny the motion to stay.[1] See AmerisourceBergen Corp., 495 F.3d at 1149 (abstention proper only if all four requirements are strictly satisfied).

In the instant proceeding, plaintiff seeks (1) a declaration that the challenged conditions in IMU are unconstitutional; (2) injunctive relief requiring defendants to design mental health screening for IMU placement, prohibiting defendants from maintaining 24-hour illumination of IMU cells, and requiring the appointment of a special master to implement a permanent injunction; and (3) money damages. As noted above, a final judgment in the state habeas proceeding filed by plaintiff, challenging the conditions in IMU of OSP has been entered.

Defendants have failed to demonstrate how a judgment in the instant case would enjoin the state proceeding, or have the practical effect of doing so. To the extent that the issues in this case overlap with those in the state case, defendants may

---

[1] Defendants' assertion that the second element, an important state interest, is satisfied by the State of Oregon's "significant interest in enforcing its laws and overseeing state trial courts' disposition of constitutional issues to ensure consistency and accuracy" fails to set forth the type of "uniquely state interest" necessary for Younger abstention. See AmerisourceBergen Corp., 495 F.3d at 1150 (rejecting "*universal* judicial interest[s]-such as the prompt resolution of cases" as a sufficient state interest). However, I conclude that the state's interest in the orderly and safe operation of its prisons is sufficient to satisfy the second Younger element.

4 -- ORDER

assert the defense of collateral estoppel. See <u>AmerisourceBergen Corp.</u>, 495 F.3d at 1152; see also <u>Ron Tonkin Gran Turismo, Inc. v. Wakehouse Motors, Inc.</u>, 46 Or. App. 199, 207-08, 611 P.2d 658, <u>rev. denied</u>, 289 Or. 373 (1980) (pending appeal does not prevent judgment from being final for purposes of collateral estoppel); <u>see also</u> <u>Tripati v. Henman</u>, 857 F.2d 1366 (9th Cir. 1988) (same). Accordingly, defendants' motion to stay is denied.

## II.  **Plaintiff's Motion to Compel**.

Plaintiff has served defendants with a request for production of documents containing 20 requests. Defendants have produce documents responsive to requests 1, 11, and 14.

In requests 2-6 and 16-20, plaintiff seeks personnel records, job descriptions, and disciplinary files of correctional officials (including those of defendants). Defendants have produced the requested job descriptions, but object to production of personnel records and disciplinary files as overbroad, irrelevant, and not reasonably calculated to lead to discovery of admissible evidence. I agree, and deny plaintiff's motion to compel these documents.

In requests 7-9, plaintiff seeks photographs and computer images of certain cells and the recreation yard in the IMU at OSP and SRCI; and the "new computerized card activated electronic "Guard Watch" activities. Defendants object on the basis, *inter alia*, that the requested information would compromise the safety

5 -- ORDER

and security of staff and inmates.  Plaintiff's motion to compel a response to these requests is denied on that basis.

In requests 10, 12, 13, and 15, plaintiff seeks documents related to other inmates.  These requests are denied on the basis that they are overbroad, seek confidential information, and are not reasonably calculated to lead to the discovery of admissible evidence.

## **CONCLUSION**

Based on the foregoing, plaintiff's motion to compel (#73) and defendants' motion to stay (#80) are DENIED.  Defendants shall file their opposition to plaintiff's pending motion for preliminary injunction (#65) within 11 days of the date of this order.  Plaintiff may file a reply within 11 days thereafter.

Plaintiff's motion for preliminary injunction (#65) shall be taken UNDER ADVISEMENT on August 24, 2009.

IT IS SO ORDERED.

DATED this _____24th_____ day of July, 2009.

                                      /s/ Garr M. King
                                      Garr M. King
                                      United States District Judge